[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13693
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-60856-CV-PAS

DR. SUSAN LEE MERCER,

Plaintiff-Appellant,

versus

NORTH BROWARD HOSPITAL DISTRICT,
d.b.a. Broward Medical Center,
SUZANNE RUSHING, in her official and personal capacity,
JEAN GORDON,
PHOENIX PHYSICIANS LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 19, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Susan Lee Mercer appeals from the district court's final judgment in favor of North Broward Hospital District d.b.a. Broward General Medical Center ("NBHD") in Mercer's action, filed pursuant to 42 U.S.C. § 1983, alleging her constitutional rights were violated when she was involuntarily detained at a NBHD facility, pursuant to Florida's Baker Act, Fla. Stat. § 493.453 et seq. The district court dismissed the complaint as to NBHD, without prejudice. After Mercer filed an amended complaint, the district court again dismissed the complaint as to NBHD, this time with prejudice, based on Mercer's failure to allege that NBHD had adopted a practice or policy that led to the violation of Mercer's constitutional rights.

In this appeal, Mercer raises three claims relating to the district court's dismissal of NBHD and subsequent disallowance of a second amended complaint to rename NBHD as a defendant: (1) that the district court erred when, prior to the completion of discovery, it dismissed the amended complaint with prejudice as to NBHD for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (2) that the district court erred by denying Mercer's motion for leave to file a second amended complaint, for the purpose of asserting claims against NBHD; and (3) that the district court erred by denying Mercer's post-judgment motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in which Mercer sought to amend the complaint to rename NBHD

2

as a defendant. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The parties are familiar with the underlying facts and procedural history, and we only summarize them here. On June 14, 2006, Mercer, who initially was proceeding pro se, filed this lawsuit against NBHD and certain individuals based on her involuntary detention, which lasted four hours, in a psychiatric detention room at one of NBHD's facilities. Mercer, who had been in a car accident a week before the incident giving rise to this suit, had presented herself to emergency room staff for the purposes of updating her medical chart, getting a "sputum culture plated" and providing insurance billing information. Mercer subsequently was detained for four hours, after Dr. Jean Gordon signed a certificate indicating that he had examined Mercer and certifying that she be involuntarily detained under the Baker Act. She filed this cause of action alleging her constitutional rights were violated when NBHD personnel failed to follow the requirements of the Baker Act prior to detaining her.

The district court dismissed the complaint as to NBHD without prejudice, directing Mercer that in order to state a § 1983 claim against NBHD in its official capacity, she was required to "allege facts showing that NBHD adopted a widespread practice or policy that led to the violation of her constitutional rights, and that those in control of NBHD had actual or constructive knowledge of the policy or practice."

3

In its dismissal order, the district court further explained it had imposed the foregoing requirement "because employers/supervisors cannot be held liable under 42 U.S.C. § 1983 for the conduct of their employees, merely because an employment relationship exists[.]"

On October 16, 2006, the district court entered its Scheduling Order, pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Scheduling Order ended discovery on June 1, 2007, set the pretrial conference for October 16, 2007, and scheduled the trial for November 13, 2007. Almost six weeks after entry of the Scheduling Order, Mercer moved for an extension of time in which to file an amended complaint, stating that she had retained counsel to represent her. The district court granted the extension and directed Mercer to file the amended complaint on or before December 11, 2006.

On December 8, 2006, Mercer filed an amended complaint, in which she again failed to allege practice or policy, or actual or constructive knowledge, on the part of NBHD. Thereafter, the district court dismissed the claims against NBHD with prejudice. Mercer moved for reconsideration, admitting that she "is presently unable to show the existence of any facts supporting allegations that [NBHD] had adopted a policy or practice that led to the violation of Plaintiff's Constitutional rights" but requesting the district court to modify its dismissal in order to allow Mercer to

4

conduct discovery on whether such a policy or practice existed. On February 22, 2007, the district court denied reconsideration, noting: "Plaintiff should have had a factual basis for her lawsuit against NBHD before filing it. . . . More than four months ago, this Court specifically advised Plaintiff that a failure to allege facts showing the NBHD adopted a widespread practice or policy that led to the violation of her constitutional rights and that those in control of NBHD had actual or constructive knowledge of the policy or practice would be fatal to her civil rights claim against NBHD. Plaintiff admittedly has not and cannot do so."

After Mercer and the remaining defendant, Suzanne Rushing, had completed discovery and attended mediation, Mercer again attempted to amend the complaint, this time to rename NBHD, in place of Rushing, as the defendant. In her motion for relief from judgment, filed pursuant to Rule 60(b), Mercer asserted that discovery had revealed "a policy, custom, or practice" relating to NBHD's detention of patients prior to compliance with the Baker Act's requirements. The district court disagreed. The court concluded Mercer was entitled to no relief under Rule 60(b) because the information gleaned during discovery was not "new evidence," nor did it establish the existence of a custom or policy. This appeal followed.

We review the district court's order dismissing Mercer's amended complaint for failure to state a claim de novo. See Harris v. IVAX Corp., 182 F.3d 799, 803

5

(11th Cir. 1999). We review the denial of a motion to amend a complaint for abuse of discretion. Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003). "Although '[l]eave to amend shall be freely given when justice so requires,' a motion to amend may be denied on 'numerous grounds' such as 'undue delay, undue prejudice to the defendants, and futility of the amendment.'" Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000) (quoting Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992)). Moreover, where, as here, the requests to amend were made after the district court had entered its scheduling order and the deadlines set forth therein had passed, Mercer was required to demonstrate "good cause" under Rule 16(b) of the Federal Rules of Civil Procedure. See Millennium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007). We likewise review the denial of Mercer's Rule 60(b) motion for abuse of discretion. See Am. Bankers Ins. Co. of Fla. v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

First, Mercer challenges the district court's dismissal of NBHD with prejudice, for failure to state a claim. In essence, Mercer asserts that because she alleged facts supporting a violation of the Baker Act by NBHD personnel, her complaint was sufficient to state a claim against NBHD under § 1983, despite that she asserted no policy, practice, or custom resulting in a violation of her constitutional rights. She

6

also suggests the district court erred by denying her request to conduct discovery to learn whether such a policy, practice or custom existed.

Simply put, NBHD's role as the operator of the facility where Mercer was detained, or even as Mercer's health care provider, would not, alone, subject NBHD to liability under the doctrine of respondeat superior, in the absence of some evidence of a policy or custom that would subject NBHD to § 1983 liability. Monell v. Dept. of Social Serv., 436 U.S. 658, 691 (1978). And our de novo review of the record reveals no material issue of fact as to whether NBHD had such a policy, or that such a policy led to the violation of Mercer's constitutional rights. Accordingly, the district court did not err by dismissing the amended complaint as to NBHD, with prejudice.

We likewise are unpersuaded by Mercer's argument concerning her next attempt to rename NBHD as a defendant, this one following the completion of discovery and mediation with Defendant Rushing. Pursuant to Rule 60(b), a court, on motion and upon such terms as are just, may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

7

judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). A party alleging newly discovered evidence as a basis for a Rule 60(b) motion must demonstrate that (1) the evidence is newly discovered since the district court's decision; (2) she exercised due diligence to discover the evidence; (3) the evidence is not cumulative or impeaching; (4) the evidence is material; and (5) the evidence would produce a new result. Willard v. Fairfield Southern Co., Inc., 472 F.3d 817, 824 (11th Cir. 2006).

Here, the district court noted that the evidence on which Mercer relied in her 60(b) motion was not newly discovered and would not have changed the district court's conclusion on whether to allow Mercer to file a second amended complaint to rename NBHD a defendant. We discern no abuse of discretion in the district court's decision.

**AFFIRMED**.

8